UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRK VERMEULEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LESTER JENKINS, WARREN BRADFORD, CITY OF OAKDALE, and OAKDALE POLICE DEPARTMENT,<br><br>　　　　　Defendants. | No. 1: 13-cv-02007-LJO-BAM<br><br>**ORDER SCREENING COMPLAINT AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**30 DAY DEADLINE** |

### SCREENING ORDER

Plaintiff Dirk Vermeulen ("Plaintiff") proceeds *pro se* in this civil action. Plaintiff filed his complaint on December 6, 2013 and on that same day he submitted his filing fee. (Doc. 1). Plaintiff alleges a First Amendment violation related to a police officer's false report. Plaintiff brings this action against Defendants Lester Jenkins, Warren Bradford, the City of Oakdale, California, and the Oakdale Police Department.[1] Plaintiff's complaint is currently before the Court for screening.

**A.    Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of Plaintiff's complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof

---

[1] Plaintiff sues all Defendants in their individual and official capacities.

1

if the Court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

While persons proceeding *pro se* are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

Plaintiff is a resident of Stanislaus County.  Plaintiff alleges that sometime before the events occurred in the instant action, he was told by Cristy Severson that Defendant Officer Bradford had observed a "woman who drove a red Ford Mustang…spending all day at [Plaintiff's] home several times per week." Pl.'s Compl. ¶ 7. Plaintiff's Complaint ("Compl.") ¶ 7, Doc. 1. Sometime after receiving that information, Plaintiff attended an Oakdale City Council meeting on October 10, 2012. Pl.'s Compl. ¶ 8. Compl. ¶ 8. When Plaintiff left the meeting he stopped to talk with Cherilyn Bairos. Compl. ¶ 11. While speaking with Ms. Bairos, Defendant Chief of Police Lester Jenkins approached Plaintiff.  During their conversation, Plaintiff

2

1  questioned Officer Jenkins about whether "it was standard practice for the Oakdale Police
2  Department to drive by someone's home and run the license plates of the vehicles parked
3  outside." Compl. ¶ 13.

4  Later that night, Plaintiff alleges that he received an incriminating picture text message on
5  his cell phone from Cristy Severson, which showed a police computer screen indicating that
6  "[DIRK Vermeulen] HAT, BACK PACK, GOA OF A BIKE 647F, MAD AT THE PD, 4A1
7  REQ AN OFFICER SAFETY BOL" which was dated 10/15/2012.  Plaintiff alleges that Ms.
8  Severson received the picture from Officer Warren Bradford of the Oakdale Police Department.
9  Compl. ¶ 15.  Plaintiff alleges that as a result of the publication of this false report, he has
10 suffered, and continues to suffer mental anguish, severe emotional distress, damage to his
11 reputation, and loss of enjoyment of life.

12 Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants
13 knowingly and maliciously created and published a false report that "he was drunk, mad at the
14 police department, and was a threat to officer safety" in retaliation for Plaintiff's exercise of his
15 First Amendment rights of free speech.  Compl. ¶ 6.  Plaintiff seeks general and exemplary
16 damages against the Defendants as a remedy for the violation.  Compl. ¶ 17.

## DISCUSSION

18 Plaintiff presents a single claim of relief against all Defendants based on a violation of his
19 rights under the Free Speech Clause of the First Amendment. He alleges that Defendants
20 published a false report after he criticized Chief Jenkins for improper police procedure. Although
21 unclear, Plaintiff appears to allege that he was punished for exercising free speech through the
22 publication of a false police report that he was intoxicated and angry during his conversation with
23 Defendant Jenkins.  Compl. ¶ 13, 15.  The Court construes this as a claim alleging that
24 Defendants logged a false police report in retaliation for Plaintiff engaging in protected activity.

25 **1.    Retaliation for Exercising Free Speech**

26 To state a claim under Section 1983, including a claim for retaliation based on the
27 exercise of freedom of speech, Plaintiff must prove: (1) "the violation of a right secured by the
28 Constitution or laws of the United States"; and (2) "that the alleged deprivation was committed by

3

a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, the Constitutional right at issue is the First Amendment right to freedom of speech.

The First Amendment forbids government officials from retaliating against individuals for speaking out. *Hartman v. Moore*, 547 U.S. 250, 256 (2006); *see also Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). "To recover under § 1983 for such retaliation, a plaintiff must prove: (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." *Pinard v. Clatskanie School Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006). To allege a First Amendment retaliation claim, a plaintiff must show that a defendant, by his actions, deterred or chilled a plaintiff's exercise of protected speech, and that such deterrence was a substantial or motivating factor in the defendant's conduct. See, e.g., *Lacey v. Maricopa County*, 649 F.3d 1118, 1132 (9th Cir.2011). "If the plaintiff establishes the elements of a retaliation claim, the government can escape liability by showing that it would have taken the same action even in the absence of the protected conduct." *Id.* (internal quotations omitted).

Plaintiff's complaint fails to state a cognizable claim for retaliation. Plaintiff fails to allege that the retaliatory conduct had a chilling effect on his speech. For a First Amendment retaliation claim to be actionable, a plaintiff must show a cognizable injury in the form of a chilling effect on his protected expression. *Lacey*, 693 F.3d at 917. In addition, Plaintiff has not alleged that there was a substantial causal relationship between his exercise of free speech and any "adverse action" Plaintiff purported to suffer. Plaintiff alleges that Officer Bradford logged a false report and published that information to "Cristy Severson." Compl. ¶ 15. However, Plaintiff's complaint lacks any allegation that Defendant Bradford had any knowledge of Plaintiff's criticisms to Defendant Jenkins. Apart from conclusions and speculation, Plaintiff has not alleged facts demonstrating that the false accusation that Plaintiff "was drunk in public, was mad at the police department, and was a threat to officer safety" was retaliatory in nature and/or that Plaintiff's complaints about police procedure conduct caused Officer Bradford to make that

false accusation.

Further, Plaintiff fails to allege that the police report was a result of any speech on his part, whether such speech is protected or not, because he does not allege a causal connection between the speech and the citation. *See Peoples v. Schwarzenegger*, 402 Fed. Appx. 204, 2010 U.S. App. LEXIS 22524, 2010 WL 4296667, at *1 (9th Cir. Oct. 29, 2010) (finding that the district court properly dismissed plaintiff's "retaliation claim because his conclusory allegations did not connect any defendant's alleged misconduct with the alleged infringement of his First Amendment rights."); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (conclusory allegations of retaliatory motive insufficient); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (to state a claim for retaliation, defendant's conduct must infringe on plaintiff's protected activity). In short, Plaintiff's complaint does not contain factual matter sufficient to satisfy *Iqbal*. 556 U.S. at 677.

Accordingly, based on the above, Plaintiff's § 1983 claim based on a violation of the First Amendment will be DISMISSED WITH LEAVE TO AMEND.

**2.**   **Municipal Liability the City of Oakdale and Oakdale Police Department**

Plaintiff names the City of Oakdale and the Oakdale Police Departments as Defendants in this action. A local government unit may not be held liable for the acts of its employees under a respondeat superior theory. *Monell v. Department of Social Services*, 436 U.S. at 691; *Davis v. Mason County*, 927 F.2d 1473, 1480 (9th Cir. 1991), *cert. denied*, 502 U.S. 899 (1991); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989). Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the *respondeat superior* theory and demonstrate the alleged constitutional violation was the product of a policy or custom of the local governmental unit. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-480 (1986).

A "rule or regulation promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies *Monell's* policy requirements." *Thompson v. City of Los Angeles*, 885 F.2d at 1443. Official policy may derive from "a decision properly made by a local governmental entity's authorized decision maker—*i.e.*, an official who possesses final authority

to establish [local government] policy with respect to the [challenged] action." *Thompson v. City of Los Angeles*, 885 F.2d at 1443, internal quotation marks omitted. "Only if a plaintiff shows that his injury resulted from a 'permanent and well-settled' practice may liability attach for injury resulting from a local government custom." *Thompson v. City of Los Angeles*, 885 F.2d at 1444. "[O]fficial policy must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983." *Polk County v. Dodson*, 454 U.S. 312, 326 (1981).

Here, Plaintiff's allegations do not relate to a policy or custom resulting in a constitutional violation but instead relates to the actions of officers allegedly creating a false police report. Plaintiff merely makes conclusory statements that "the City of Oakdale and Oakdale Police Department…are liable for the publishers' acts through respondeat superior and are jointly and severally liable for acts of Defendant publishers." Compl. ¶ 17. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 677. While factual allegations are accepted as true, legal conclusions are not. *Id.* at 1949. Moreover, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 662. Accordingly, the complaint will be DISMISSED WITH LEAVE TO AMEND against Defendants the City of Oakdale and the Oakdale Police Department.

### 3. Amendment to the Complaint

Plaintiff will be permitted the opportunity to file an amended complaint clarifying the factual bases for liability against each named defendant. Plaintiff's amended complaint need not and should not be lengthy, Fed. R. Civ. P. 8(a)(2), but it must specify what each defendant did or did not do that led to the violation of Plaintiff's rights. Conclusory assertions of personal involvement or liability will not suffice. *Iqbal*, 556 U.S. at 677.

Plaintiff is advised that an amended complaint supersedes all prior complaints, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint

are waived." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) ; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a cognizable claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and
3. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **May 22, 2014**          /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE